UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH NESTLE,

    Plaintiff,                             CIVIL ACTION NO. 13-13991

  v.                                 DISTRICT JUDGE DAVID M LAWSON
                                   MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

**II.    REPORT**

    **A.  Introduction and Procedural History**

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on June 3, 2011[1], alleging that she had been

---

[1] Plaintiff filed a prior application for disability insurance benefits in February 2008, alleging the same physical disability as the present application. Benefits were denied by the SSA following an administrative hearing before a Law Judge (TR 21) and not pursued further. Consequently, res judicata applies to the

disabled and unable to work since April 1, 2010, at age 40, due to severe back pain, depression and generalized anxiety. Benefits were denied initially by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on October 18, 2012, before Administrative Law Judge (ALJ) Michael McGuire. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option with only occasional climbing, balancing, stooping, kneeling, crouching or crawling. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment[2] and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

    Plaintiff was 43 years old at the time of the administrative hearing (TR 57). She had been graduated from high school, and had been employed as a house cleaner, hospital custodian and retail clerk during the relevant past (TR 57-58). Plaintiff's custodial jobs required her to stand for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 50 pounds on a regular basis (TR 57-

---

determination of Plaintiff's physical condition through the date of the unchallenged administrative decision (February 12, 2010). <u>Bagby v. Harris</u>, 650 F.2d 836 (6th Cir. 1981), <u>cert</u>. <u>denied</u> 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. <u>Blacha v. Secretary</u>, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does present a federal constitutional challenge to the SSA's application of <u>res judicata</u>.

[2]Plaintiff labeled her motion as one to remand under sentence four of the Social Security Act, but I conclude that it is in fact a Motion for Summary Judgment seeking an award of disability benefits.

58). Claimant alleged that she was disabled as a result of severe back pain that prevented her from sitting, standing or walking for extended periods (TR 63, 69). Other impairments which prevented claimant from returning to work included migraine headaches, the lingering effects from a mild stroke, shortness of breath upon exertion and mental depression (TR 59, 63, 70). As a result of these difficulties, Plaintiff testified that she spent the majority of the day lying down (TR 63, 67). While claimant was able to drive her daughter back and forth to work (TR 65), she frequently suffered anxiety attacks that took her breath away while driving (TR 62).

A Vocational Expert, Julie Bose, testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[3] (TR 72-73). If she were capable of sedentary work, however, there were numerous unskilled bench assembly and stock handling jobs that she could still perform with minimal vocational adjustment (TR 71-72). Both positions allowed a sit-stand option every 30 minutes for two to five minutes at a time. She would have to only understand, remember and successfully complete unskilled tasks. The work required occasional climbing, balancing, stooping, kneeling or crouching (TR 72).

### B.    ALJ's Findings

The Law Judge found that Plaintiff was impaired as a result of degenerative disc disease of the cervical and lumbar spine, a major depressive disorder and recurrent generalized anxiety, but that these conditions were not severe enough to meet or equal the

---

[3] The witness testified that claimant's alleged need to take frequent breaks throughout the day, where she would be off task 20 percent of the time, would preclude all work activity (TR 72-73).

Listing of Impairments. The ALJ recognized that the claimant's impairments precluded her from performing jobs that did not allow a sit-stand option. She needed the ability to alternate between sitting and standing every 30 minutes for up to five minutes at a time. The Law Judge further determined that the claimant was unable to frequently climb stairs, balance, stoop, kneel, crouch or crawl. Nevertheless, he found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also

supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retained the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her physical or mental impairments.

### D.     Insured Status Requirements for DIB Benefits

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on March 21, 2012, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled between April 1, 2010, her alleged onset

date, and March 31, 2012, when her insured status expired, in order to be entitled to DIB. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

The proper inquiry on an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that she was disabled between September 1, 2011, the SSI application date, and October 25, 2012, the date of the ALJ decision, in order to be entitled to SSI benefits.

**E.  Discussion and Analysis**

After review of the record, I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option. Contrary to Plaintiff's assertion, the Law Judge properly complied with the Sixth Circuit ruling in Drummond v. Commissioner, 126 F.3d 837 (6th Cir. 1997). The Drummond court held that "when the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by his determination absent changed circumstances." Id. at 842. In the instant case, ALJ McGuire expressly stated that he was bound by the findings of the previous ALJ decision[4] regarding claimant's physical impairments since there

---

[4] Following a February 2010 hearing, ALJ Dowd found that Plaintiff retained the residual functional capacity to perform sedentary work with limitations (TR 84-87). Specifically, ALJ Dowd found Plaintiff required an option to alternate between sitting and standing once every 30 minutes for two to five minutes and that she could only occasionally climb stairs, balance, stoop, kneel, crouch, or crawl (TR 85-87). Based on testimony from a vocational expert, ALJ Dowd found Plaintiff could perform sedentary jobs existing in significant numbers, namely general office clerk, bench assembler, and stock handler/packager (TR 87-88). ALJ McGuire adopted ALJ Dowd's residual functional capacity as it related to her physical abilities, and

were no new and additional evidence or changed circumstances that would have provided a basis for a different finding (TR 27).

As pointed out by the ALJ, Plaintiff's told doctors in January 2012, that there had been a 20 to 30 percent improvement in her symptoms over time. She reportedly had decreased pain when walking (TR 27, citing TR 454). The ALJ also noted that various imaging studies had remained unchanged since her previous application for benefits (TR 27, citing TR 470, 473). Indeed, imaging studies of Plaintiff's low back and neck were consistent from 2007 through 2012 (TR 338-339, 341-343, 347-349, 353, 362).

A consultative examiner, Dr. R. Scott Lazzara, reported in February 2012, that a 2005 cerebrovascular incident (stroke) had not caused any residual neurological defects (TR 428). Upon physical examination, Dr. Lazzara found no evidence of joint laxity, intact grip strength and unimpaired dexterity (TR 425). Plaintiff had only mild difficulty getting in and out of a chair, and just moderate difficulty when squatting (TR 425). Overall, the doctor found Plaintiff had only a mild to moderate degree of physical impairment (TR 428). As a result, substantial evidence exists on the record supporting the ALJ's determination that claimant's physical condition had not worsened since the denial of her earlier application for disability benefits.

The medical record submitted with the present application contain little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to her

---

added a limitation to unskilled work to accommodate the change in Plaintiff's mental condition (TR 25-28).

depression and generalized anxiety. Despite claimant's allegations of anxiety attacks while driving, she continued to drive her daughter to work on a regular basis (TR 65). Plaintiff testified that she remained capable of caring for her special needs teenage son (TR 62-63). Claimant admitted that medication helped alleviate some of her depression and anxiety. Significantly, she did not believe her psychiatric condition, in and of itself, would prevent her from working (TR 65-66).

The ALJ also relied on the clinical findings of an examining consultative psychologist, Michael Brady, Ph.D., when evaluating claimant's residual mental capacity. Following his February 6, 2012, examination, Dr. Brady opined that Plaintiff's ability to relate and interact with others, including supervisors and co-workers, was only mildly impaired (TR 422). He also found Plaintiff's ability to understand, recall and complete tasks was not significantly impaired. The psychologist further indicated that claimant could deal with normal workplace stressors in an appropriate manner. Dr. Brady diagnosed the claimant with moderate, recurrent depression. The psychologist believed that her chances for improvement were fair. He assigned her a global assessment of functioning (GAF) score of 60, at the high end of a scale indicating moderate difficulties in social, occupational, or school functioning (TR 419-422).

The ALJ recognized that claimant's recurrent depression and generalized anxiety caused difficulties with understanding, remembering and carrying out complex job instructions. Consequently, the ALJ restricted her to unskilled tasks (TR 25). Unskilled work is defined in the regulations as work which needs little or no judgment to do simple duties,

and can be learned on the job in a short period of time. 20 C.F.R. § 404.1568(a)  Thus, substantial evidence supports the ALJ's assessment concerning Plaintiff's mental work-related abilities.

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Administrative Law Judge adequately included all functional limitations from those impairments into his residual functional capacity (RFC) evaluation.  In the instant case, the claimant has failed to point to any medical opinion, or other evidence demonstrating additional work-related limitations, ignored by the Administrative Law Judge.

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

Plaintiff relies heavily upon the fact that Dr. Ferreira, a primary care physician, opined in October 2012, that her limitations would likely disrupt a regular job schedule.  The doctor predicted that she would miss at least three days of work every month (TR 499-500). It is

9

well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Ferreira offered no objective evidence to support his statement of disability, his opinion need not have been given any special weight[5]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments during the relevant period. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and

---

[5]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so. Dr. Ferreira diagnosed Plaintiff with fibromyalgia syndrome and degenerative arthritis (TR 497). The ALJ reasonably found Dr. Ferreira's opinion was less persuasive because it was based on a diagnosis of fibromyalgia (TR 27). As the ALJ noted, a diagnosis of fibromyalgia was not supported by the record (TR 27). An opinion cannot receive controlling weight unless it is well supported by the case record. 20 C.F.R. § 404.1527(c)(2). Corroborating medical support is also a factor to be considered when weighing medical opinions that are not afforded controlling weight. 20 C.F.R. § 404.1527(d)(3). "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion." Id. The ALJ reasonably determined that Dr. Ferreira opinion conflicted with the medical record as a whole, and was not supported by objective medical record.

vocational background, along with her significant impairments[6], the Vocational Expert testified that there were numerous unskilled bench assembly and stock handling jobs that she could still perform with minimal vocational adjustment (TR 71-72). Both positions allowed a sit-stand option every 30 minutes for two to five minutes at a time. She would only have to understand, remember and successfully complete unskilled tasks. The work required occasional climbing, balancing, stooping, kneeling or crouching (TR 72). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes

---

[6] The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her back pain and emotional difficulties. The ALJ reasonably determined that claimant's on-going joint discomfort and recurrent depression/anxiety limited her to simple, unskilled, routine type jobs providing a sit-stand option where she could alternate positions every 30 minutes (TR 25). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

11

a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/ Charles E Binder
                                                  CHARLES E. BINDER
Dated: October 7, 2014                          United States Magistrate Judge