UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH NESTLE,

        Plaintiff,                        Case Number 13-13991
                                            Honorable David M. Lawson
v.                                                     Magistrate Judge Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT**

The plaintiff filed the present lawsuit seeking review of the denial of her second application for disability insurance benefits. On February 12, 2010, administrative law judge (ALJ) Peter Dowd denied the plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act. The Appeals Council denied the plaintiff's request to review the ALJ's decision, and the plaintiff did not further pursue the matter. Instead, on June 3, 2011 she filed a second application for disability insurance benefits under Title II of the Social Security Act and on September 1, 2011 she filed for supplemental security income benefits under Title XVI of the Social Security Act. She was unsuccessful throughout the administrative process, including a denial by ALJ Michael McGuire after an administrative hearing. After the present action was filed, it was referred to United States Magistrate Judge Charles E. Binder under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion to remand the case to the Commissioner for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report

on October 7, 2014 recommending that the plaintiff's motion for remand, which he construed as a motion for summary judgment, be denied and the defendant's motion for summary judgment be granted. The plaintiff filed timely objections to the recommendation. This matter is now before the Court.

In her motion to remand, the plaintiff argued that the ALJ did not evaluate the medical opinion evidence properly, especially the opinion of Dr. Alfonso Ferreira, a treating source; the ALJ did not evaluate the plaintiff's credibility under applicable regulations and Social Security Rulings; the ALJ's decision that there were no changed circumstances in the plaintiff's physical impairments since the last administrative denial of disability benefits was not supported by substantial evidence in the record; and the ALJ failed to inquire of the vocational expert whether the testimony about available jobs within the plaintiff's residual functional capacity was consistent with the Dictionary of Occupational Titles (DOT). The magistrate judge suggested in his report that the ALJ properly discounted Dr. Ferreira's check-box opinion summary on the plaintiff's functional limitations because it was based in part on the unsubstantiated diagnosis of fibromyalgia. He also suggested that the ALJ's credibility findings and the decision as a whole was supported by substantial evidence in the entire record. For reasons not clear, the magistrate judge failed to address the plaintiff's argument focusing on the DOT.

The plaintiff's objections have prompted a fresh review by the Court of those specific areas challenged by the plaintiff in her objections. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute,"

*Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)). The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now forty-five years old, filed her application for disability insurance benefits on June 3, 2011 when she was forty-one, and protectively filed a Title XVI application for supplemental security income on September 1, 2011. The plaintiff graduated from high school, and has previous work experience as a house cleaner, retail clerk, hospital custodian, and stocker.

The plaintiff last worked on April 1, 2010. The plaintiff alleges that she can no longer work because of severe back pain, depression, and generalized anxiety. The plaintiff has been diagnosed with degenerative disc disease of the cervical and lumbar spine, major depressive disorder, generalized anxiety disorder, chronic obstructive pulmonary disease, and migraine headaches.

As noted above, the plaintiff previously filed an application for disability benefits in February 2008 alleging the same physical impairments. That application was denied at the state agency level and by ALJ Dowd after an administrative hearing. The plaintiff did not seek judicial review of that determination.

The plaintiff's present applications for disability insurance and supplemental security insurance benefits were denied initially. The plaintiff made a timely request for an administrative hearing. On October 18, 2012, the plaintiff appeared before ALJ Michael McGuire when she was

forty-three years old. ALJ McGuire filed a decision on October 25, 2012 in which he found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520; 416.920. The ALJ found that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2012 and had not engaged in substantial gainful activity since April 1, 2010 (step one); the plaintiff suffered from degenerative disc disease of the cervical and lumbar spine, major depressive disorder, recurrent, moderate, and generalized anxiety disorder , which were "severe" within the meaning of the Social Security Act, and suffered from migraine headaches, fibromyalgia, and chronic obstructive pulmonary disease, which were not "severe" within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform her previous work as a cleaner and stocker, which exceeded her current functional capacity (step four).

Before reaching the fourth step and in applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform a limited range of sedentary work. The limitations consisted of the following: she is only able to understand, remember, and carry out to successful completion, unskilled tasks; she must also be able to alternate between sitting and standing, every thirty minutes for two to five minutes; and is limited to only occasional climbing of stairs, balancing, stooping, kneeling, crouching, and crawling. A vocational expert testified that the plaintiff would be able to perform work as a general office clerk, a bench assembler, or stock handler/packager, which exists in a significant number in the national economy. Based on those findings and using Medical Vocational Rule 201.27 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by

the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on March 25, 2011.

The plaintiff filed the present lawsuit seeking review under 42 U.S.C. § 405(g). The parties agree that the focus of the review is narrowed by the previous denial of benefits under the doctrine of *res judicata*. The question under these circumstances is whether the plaintiff has shown "changed circumstances" since the last final decision by the Commissioner. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). The ALJ found that circumstances did not change as to the plaintiff's physical limitations, and although a new mental impairment warranted an adjustment to her RFC, it did not preclude all work. The magistrate judge found that substantial evidence supported that determination.

*First*, the plaintiff contends that the magistrate judge erroneously determined that the ALJ was correct in finding that there was insufficient evidence establishing a change in circumstances regarding her physical impairments. Subsequent to ALJ Dowd's first unfavorable decision, the plaintiff says that she underwent an MRI and a physical therapy evaluation that demonstrate increased impairment. Additionally, the plaintiff says that she is also experiencing short term memory loss because of her stroke in 2005. The plaintiff notes that List Psychological Services of Bay City, Michigan documented her memory loss in June 2011, more than one year after the hearing before the ALJ. Moreover, the plaintiff says that the record contains documentation from Dr. Ferreira and Caro Family Physicians concerning the plaintiff's obstructive airway disease. The plaintiff says that the limitations stemming from her reduced pulmonary function are not addressed in the ALJ's findings.

Although there is some evidence in the record of the plaintiff's cervical and lumbar spine ailments that postdates ALJ Dowd's determination, there also is abundant evidence discussed by the ALJ and the magistrate judge that show that the condition is about the same or even slightly improved. Under 42 U.S.C. § 405(g), the Commissioner's findings are conclusive if they are supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.,* 893 F.2d 106, 108 (6th Cir. 1989).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must find "the ALJ's decision determinative if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid*. (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be

warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

There is evidence of a mental impairment in the form of the diagnosis of the plaintiff's "mini-stroke," which manifested itself in short-term memory loss. However, the ALJ discussed that evidence and accounted for it in his RFC determination. The plaintiff has not explained how that limitation in her RFC was inadequate.

The plaintiff also is correct that she had been diagnosed with obstructive airway disease. However, she has not explained how that diagnosis has affected her. There is no mention of any instance of shortness of breath, physical impairment, or any other limitation that is connected in any way to that diagnosis. The concept of disability relates to functional limitations. Although functional limitations must be caused by a physical or mental impairment, in the end, "[i]t is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239 (6th Cir. 2002). The omission of any discussion of the plaintiff's obstructive airway disease did not undermine the ALJ's determination of her RFC.

*Second*, the plaintiff objects to the magistrate judge's finding that Dr. Ferreira, the plaintiff's primary physician, did not support his opinion concerning her RFC. Dr. Ferreira said the plaintiff was limited to sitting for two hours per day and could not stand or work for more than two hours. He also opined that the plaintiff needs to lay down three or four times each day and would miss work more than three times per month. The magistrate judge concluded that the ALJ properly discounted Dr. Ferreira's opinions because he presented no objective evidence to support his statement of disability. The plaintiff contends that Dr. Ferreira's "straight legged raising test," physical therapy

notes from Caro Community Hospital, and an MRI evaluation from July 22, 2011 support Dr. Ferreira's conclusions about her RFC.

There is no evidence, however, that the straight-leg-raising test results suggested any change in the plaintiff's condition. Rather, the evidence on which the plaintiff relies most heavily is a form Dr. Ferreira completed at the request of the plaintiff's attorney, in which he outlined his views of the plaintiff's functional limitations. That form, however, does not reference any physical findings, and only ties the complaints to a diagnosis of fibromyalgia and degenerative arthritis. But the records do not support a finding that the arthritis had worsened, and there is nothing that the plaintiff has identified or the Court has found in the records that supports the fibromyalgia diagnosis.

Although fibromyalgia has been said to constitute a diagnosis by limitation, *see Preston v. Sec'y of Health & Human Servs,* 854 F.2d 815, 817-18 (6th Cir. 1988) ("As set forth in the two medical journal articles . . . fibrositis causes severe musculoskeletal pain which is accompanied by stiffness and fatigue due to sleep disturbances. . . . [I]t is a process of diagnosis by exclusion and testing of certain 'focal tender points' on the body for acute tenderness which is characteristic in fibrositis patients."), the Secretary has noted that chronic fatigue syndrome and fibromyalgia are medically determinable and that appropriate medical science, including the presence of focal trigger points, are necessary to establish the diagnosis. *See* Social Security Ruling (SSR) 99-2p. In this case, there is no such objective evidence in this record, nor is there any error in the ALJ's treatment of the plaintiff's testimony regarding her pain.

"The Commissioner has elected to impose certain standards on the treatment of medical source evidence." *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011) (citing 20 C.F.R. § 404.1402). The Rule promulgated by the Secretary states that: "more weight [will be given] to

opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.,* 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984).

However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). If an ALJ is unpersuaded, he "is required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Gayheart Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)). To enable appellate review of the ALJ's decision, "[t]hese reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Ibid.* (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

The ALJ explained his reasons for discounting Dr. Ferreira's opinion on the plaintiff's limitations, and those reasons are supported by substantial evidence in the record. The ALJ did not commit error, and there is no cause here for the Court to second guess him.

*Third*, the plaintiff argues that the Magistrate Judge failed to address her argument that the ALJ failed to fully develop the record. In her motion for summary judgment, the plaintiff says that she argued that the ALJ failed to inquire on the record whether the vocational expert's testimony was consistent with the DOT. The plaintiff contends that the ALJ did not address her concern at all.

> Under Social Security Ruling (SSR) 00-4p,
>
> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>
> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

S.S.R. 00–4p, 2000 WL 1898704, at *4. It is true that the magistrate judge failed to address this argument. But because review of the magistrate judge's report and recommendation is *de novo*, there in no harm in the Court addressing it here.

The Sixth Circuit has recognized that an ALJ is required to make appropriate inquiry about possible conflicts between a vocational expert's testimony and the DOT. *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605-06 (6th Cir. 2009). And "[i]t is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004); *see also* 5 U.S.C. § 706(2)(D) ("The reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . without observance of procedure required

-10-

by law."). But substantial compliance is sufficient, and no extended inquiry is required. *Lindsley*, 560 F.3d at 605-06. In this case, ALJ McGuire did not make any inquiry of the vocational expert about a possible conflict. However, ALJ Dowd made the inquiry at the previous hearing, and ALJ McGuire's RFC determination was essentially the same, except for the added restriction to address the plaintiff's mental impairment.

The plaintiff has not suggested any conflict between the DOT and the jobs identified by the vocational expert in this case as fitting the RFC determined by the ALJ. If there was any error here, it was harmless. The Sixth Circuit has held that "if an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). The Court cannot find any prejudice to the plaintiff stemming from ALJ McGuire's failure to ask the vocational expert about conflicts with the DOT.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #17] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #18] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion to remand [dkt. #12] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #15] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   September 18, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 18, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---